UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KHOR CHIN LIM,

                    Plaintiff,

      -vs-                                                    Case No. 11-C-748

COURTCALL INC., COURTCALL LLC,
GOVERNOR SCOTT WALKER, GOH CHOK TONG,
MARVIN HELLENBRAND, JONATHAN KAYS,
MICHAEL SCHWEITZER, DANE COUNTY DISTRICT
ATTORNEY, JOHN CHRISTIAN, SARAH YANKE, and
DOES 1-18,

                    Defendants.

--------------------------------------------------------------------------------

KHOR CHIN LIM,

                    Plaintiff,

      -vs-                                                    Case No. 11-C-866

STAPLES INC., BANK MUTUAL CORPORATION,
MICROSOFT CORPORATION, GOH CHOK TONG,
WILLIAM H. GATES, GOVERNOR SCOTT WALKER,
RON SARGENT, MICHAEL T. CROWLEY, Jr., and
DOES 1-18,

                    Defendants.

---

## DECISION AND ORDER

In recent months, Khor Chin Lim has filed five lawsuits in this judicial district, four of which are still pending. *Lim v. BMO Fin. Group, et al.*, Case No. 11-C-666-LA (E.D. Wis.); *Lim v. Walker, et al.*, Case No. 11-C-708-LA (E.D. Wis.); *Lim v. Courtcall Inc., et al.*,

Case No. 11-C-748-RTR (E.D. Wis.); *Lim v. Staples Inc., et al.*, Case No. 11-C-866-RTR (E.D. Wis.); *Lim v. Quest Diagnostic Inc., et al.*, Case No. 11-C-875-CNC (E.D. Wis.).[1] Judge Adelman dismissed Case No. 11-C-708 *sua sponte* because it was frivolous and failed to state a claim on which relief could be granted. For the reasons that follow, Case Nos. 11-C-748 and 11-C-866 must be dismissed for the same reasons.

District courts have the authority to "screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362 (2d Cir. 2000); *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); 28 U.S.C. § 1915(e)(2)(B)(i-iii). A complaint should be dismissed as frivolous if it "lacks an arguable basis either in law or fact," *Castillo v. Cook Cty. Mail Room Dep't*, 990 F.2d 304, 306 (7th Cir. 1993); a frivolous claim is one that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). A complaint should also be dismissed if it fails to include sufficient facts to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); in other words, dismissal is appropriate if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007).

In *Lim v. Courtcall, et al.*, Case No. 11-C-748, Lim alleges that a company called Courtcall, Inc. gave him the wrong hearing date for a lawsuit that is apparently pending in California. This was done in conspiracy with several tenants in Lim's apartment building

---

[1] Lim also removed a petition for a restraining order against him from Rock County Circuit Court. This case was quickly remanded by Judge Adelman. *Lim v. Lim*, Case No. 11-C-980-LA (E.D. Wis.).

in Madison, Wisconsin, including Jonathan Kays and Michael Schweitzer. Lim alleges that his landlord, Marvin Hellenbrand, allowed Kays and Schweitzer into Lim's apartment for the purpose of stealing documents and "sabotaging the plaintiff's proceedings" in the California lawsuit. Kays and Schweitzer also "viciously let bugs into plaintiff's premises" and stole his laptop and keys. Finally, Lim alleges that John Christian, a Madison police officer, questioned him about a false complaint made by another co-tenant, Sarah Yanke. Lim alleges that all of these defendants, in addition to Governor Scott Walker, Goh Chok Tong (former Prime Minister of Singapore), and the Dane County District Attorney's Office, conspired to deprive Lim of various rights under state and federal law.

In *Lim v. Staples, et al.*, Case No. 11-C-866, Lim alleges that he opened a bank account at Bank Mutual with approximately $12,000, but complains that the bank refused to allow immediate access to his money or the $50 bonus for opening the account. Lim also alleges that he visited various Staples stores to either purchase or return a variety of items, including a laptop computer with Microsoft software, a scanner, and printer paper. Each time Lim went to return an item it "resulted in heated arguments." He complained via email to Staples corporate headquarters but received no response. Lim alleges a conspiracy involving Staples, Bank Mutual, Microsoft, Bill Gates, Goh Chok Tong, and Governor Scott Walker.

Lim's claims are frivolous. As Judge Adelman observed with respect to Lim's complaint in Case No. 11-C-708, the Court "has the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  No reasonable person could suppose that there is a vast conspiracy involving the governor of Wisconsin, the former prime minister of Singapore, Bill Gates, and people Mr. Lim interacts with in the course of his daily affairs.

Lim hews closer to stating a non-frivolous claim for false arrest against Officer Christian.  Yet determining whether Lim states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal* at 1950.  Common sense and years of judicial experience suggest that one non-frivolous claim adrift in a sea of frivolousness is not a plausible claim.  In other words, the Court is not obliged to accept as true Lim's legal conclusion that he was detained without probable cause.  *Id.* at 1949.  Lim's allegations in this respect "do not permit the court to infer more than the mere possibility of misconduct . . ." *Id.* at 1950.

Finally, the Court notes that the vast majority of Lim's claims are grounded in state law.  In the absence of an actionable or non-frivolous claim arising under federal law, the Court declines to exercise supplemental jurisdiction over the state law claims.  "Generally, when a court resolves all federal claims before trial, it should dismiss supplemental claims without prejudice." *Ridings v. Riverside Med. Ctr.*, 537 F.3d 755, 772 (7th Cir. 2008).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the above-captioned cases are **DISMISSED**. The Clerk of Court is directed to enter judgment in both cases accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of November, 2011.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**